UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JUAN CARLOS LLAMAS,                                    Civ. Action No.:

                  Plaintiff,

    -against-

COR J. SEA FOOD CORP. and JAMES CORONESI,

                  Defendants.

-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, JUAN CARLOS LLAMAS ("Plaintiff"), as and for his Complaint against Defendants, COR J. SEA FOOD CORP. and JAMES CORONESI ("Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult male currently residing in the State of New York.

6.      Plaintiff is a former employee of Defendants.

7.      Upon information and belief, Defendant, Cor J. Sea Food Corp. ("Cor J. Sea Food") is a domestic business corporation duly organized and existing under the laws of the State of New York.

8.      Upon information and belief, Defendant Cor J. Sea Food maintains a principal executive office located at 36 Lighthouse Road, Hampton Bays, New York 11946.

9.      Upon information and belief, Defendant Cor J. Sea Food owns and operates the Cor J. Sea Food Market located at 36 Lighthouse Road, Hampton Bays, New York 11946

10.      Upon information and belief, at all relevant times, Defendant Cor J. Sea Food maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11.      Upon information and belief, Defendant, James Coronesi ("Coronesi"), is a resident of the State of New York.

12.      Upon information and belief, Defendant Coronesi is the Chief Executive Officer of Defendant Cor J. Sea Food.

13.      Upon information and belief, at all relevant times, Defendant Coronesi was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Cor J. Sea Food.

14.      Upon information and belief, at all relevant times, Defendant Coronesi exercised operational control over Defendant Cor J. Sea Food, controlled significant business functions of Defendant Cor J. Sea Food, determined employee salaries, made hiring decisions, and acted on

behalf of and in the interest of Defendant Cor J. Sea Food in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

15.     Upon information and belief, at all relevant times, Defendant Coronesi participated in running the daily operations of Defendant Cor J. Sea Food and its seafood market.

16.     Upon information and belief, at all relevant times, Defendant Coronesi participated in the management and supervision of Plaintiff and his work for Defendant Cor J. Sea Food.

17.     As such, Defendant Cor J. Sea Food and Coronesi are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

18.     Plaintiff was employed as a manual laborer for the benefit of and at the direction of Defendants from on or about February 12, 2012 until on or about February 17, 2020.

19.     During his employment, Plaintiff's primary duties included packing food for distribution to Defendants' customers.

20.     Throughout Plaintiff's employment, Defendants required him to punch in and out of his daily shifts.

21.     Upon information and belief, Defendants maintained records reflecting the actual time that Plaintiff worked each day and each week.

22.     During the relevant period of his employment, during the months of January, February, March, April, September, October, November, and December of each year, Plaintiff typically worked six (6) days per week (with Wednesday off) from about 9:00 a.m. until about 7:00 p.m. with a one-hour break per shift.

23.     During these months, Plaintiff generally worked about fifty-four (54) hours per week.

24.     During the relevant period of his employment, during the months of May, June, July, and August of each year, Plaintiff typically worked six (6) days per week (with Wednesday off) as follows: Sunday, Monday, Tuesday, and Saturday from about 9:00 a.m. until about 7:00 p.m., and Thursday and Friday from about 9:00 a.m. until about 10:00 p.m. with a one-hour break per shift.

25.     During these months, Plaintiff generally worked about sixty (60) hours per week.

26.     During the relevant period of his employment, Defendants paid Plaintiff an hourly rate of pay.

27.     During the relevant period of his employment, Defendants paid Plaintiff straigh-time for all hours worked.

28.     During the relevant period of his employment, Defendants did not pay Plaintiff one-and-one-half times his regular rate of pay for any hours that he worked in excess of forty (40) each week.

29.     During the relevant period of his employment, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

30.     During his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

31.     Defendant Coronesi participated in the decision to hire Plaintiff.

32.     Defendant Coronesi participated in the decision to fire Plaintiff.

33.     Defendant Coronesi participated in deciding the job duties that Plaintiff performed on a daily basis.

34.     Defendant Coronesi participated in the supervision of Plaintiff's job duties and responsibilities.

35.     Defendant Coronesi participated in setting Plaintiff's work schedule.

36.     Defendant Coronesi participated in deciding the hours that Plaintiff worked.

37.     Defendant Coronesi participated in deciding the manner in which Plaintiff was paid.

38.     Defendant Coronesi participated in deciding the compensation Plaintiff was paid.

39.     Defendant Coronesi participated in running the day-to-day operations of Defendant Cor J. Sea Food during Plaintiff's employment.

40.     Defendants managed Plaintiff's employment, including the amount of time worked and the rates he was paid.

41.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

42.     Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

43.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

44.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

46.    Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Cor J. Sea Food is an enterprise engaged in commerce or in the production of goods for commerce.

47.    At all times relevant to this Complaint, Defendant Cor J. Sea Food had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a manual labor and handled goods and food items that originated outside of the State of New York.

48.    Upon information and belief, the gross annual volume of sales made or business done by Defendant Cor J. Sea Food for the years 2018, 2019, and 2020 was not less than $500,000.00.

49.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

50.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

51.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

52.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

53.     However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant periods of his employment.

54.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

55.     Defendants did not act in good faith with respect to the conduct alleged herein.

56.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

57.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

60.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

61.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

62.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

63.     Defendant acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

64.     Defendants did not act in good faith with respect to the conduct alleged herein.

65.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

66.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67.     Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

68.     Through their knowing and intentional failure to provide Plaintiff with the wage

notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the

supporting Regulations.

69.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover

statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

70.     Plaintiff reasserts and realleges the allegations set forth in each of the above

paragraphs as though fully set forth herein.

71.     Defendants willfully failed to provide Plaintiff with complete, accurate, and written

wage statements with his wages each week as required by NYLL § 195(3), which were to include,

among other things, the dates of work covered by each payment of wages; name of employee;

name of employer; address and phone number of employer; rate or rates of pay and basis thereof;

deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and

the number of regular hours worked and the number of overtime hours worked.

72.     Through their knowing and intentional failure to provide Plaintiff with accurate

wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*.

and the supporting Regulations.

73.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover

statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates,

P.C., demand judgment against Defendants and in favor of Plaintiff for a sum that will properly,

adequately, and completely compensate Plaintiff for the nature, extent, and duration of the

damages, costs of this action, and as follows:

    A.    Declare and find that Defendants committed one or more of the following

        acts:

        1.    Willfully violated provisions of the FLSA by failing to pay
            Plaintiff overtime compensation;

        2.    Willfully violated the provisions of the NYLL by failing to
            pay Plaintiff overtime compensation;

        3.    Willfully violated the provisions of the NYLL by failing to
            provide Plaintiff with wage notices and wage statements;

    B.    Award compensatory damages, including all overtime compensation and minimum wages owed, in an amount according to proof;

    C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

    D.    Award statutory damages under the NYLL;

    E.    Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

    F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

    G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       January 15, 2021

                              Neil H. Greenberg, Esq.
                              Keith E. Williams, Esq.
                              Neil H. Greenberg & Associates, P.C.
                              *Attorneys for the Plaintiff*
                              4242 Merrick Road
                              Massapequa, New York 11758
                              Tel: 516.228.5100
                              nhglaw@nhglaw.com
                              keith@nhglaw.com

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda **JUAN CARLOS LLAMAS** contra **COR J. SEA FOOD CORP., JAMES CORONESI** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit **JUAN CARLOS LLAMAS** against **COR J. SEA FOOD CORP., JAMES CORONESI** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

**Fecha**:    Massapequa, NY
1/15/2021

**Firma**:    _____
Juan Carlos Llamas