**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JUAN CARLOS LLAMAS,                                         21-CV-0248 (LDH)(JMW)

                Plaintiff,                **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE (UNOPPOSED)**

 -against-

COR J. SEA FOOD CORP. and JAMES
CORONESI,

                Defendants.
-----------------------------------------------------------X

       I.       PRELIMINARY STATEMENT

Plaintiff, JUAN CARLOS LLAMAS ("Plaintiff"), and Defendants, COR J. SEA FOOD CORP. and JAMES CORONESI ("Defendants"), seek approval of the terms of the parties' settlement agreement ("Agreement"). The Agreement resolves Plaintiff's claims asserted against Defendants, including claims under the Fair Labor Standards Act, 29 U.S.C. section 201 *et. seq.* ("FLSA"). A copy of the Agreement is attached hereto at **Exhibit A** for the Court's review and approval. The Agreement represents a good faith effort between experienced counsel to negotiate an action under the FLSA and the New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiff with a substantial recovery of his claimed damages under applicable law. Accordingly, Plaintiff and Defendants respectfully request that the Court approve the Agreement as submitted and dismiss this action.

       II.      PLAINTIFF'S ALLEGATIONS AND DEFENDANTS' RESPONSES

On January 15, 2021, Plaintiff, represented by counsel herein, filed a wage-and-hour lawsuit against Defendants alleging FLSA and NYLL violations [D.E. 1]. Plaintiff contends that during his employment with Defendants, he was not paid overtime and was not provided complete and accurate wage notices and statements. During discovery, Plaintiff's counsel calculated a

damages chart for Plaintiff (attached at **Exhibit B**). Plaintiff's reasonable estimate of his FLSA claim for unpaid overtime is $43,888.28. In preparing the damages chart, Plaintiff's counsel did not account for any of Defendants' defenses, as discussed herein.

Defendants dispute Plaintiff's allegations and contend that they have complied with the FLSA and the NYLL. Defendants dispute the hours Plaintiff claims to have worked each week and claim that during Plaintiff's employment, Plaintiff was properly paid for every hour that he worked, including overtime. Defendants further contend that their time and payroll records support their defense to Plaintiff's claims. In sum, there is a *bona fide* dispute between the parties regarding Plaintiff's wage and hour claims. The instant settlement constitutes the parties' effort to resolve same in an amicable fashion through arm's length bargaining.

III.    SETTLEMENT NEGOTIATIONS

During discovery, the parties exchanged documents, demands, damage charts, offers, and counteroffers. They attended a mediation session through the EDNY Mediation Program on July 22, 2021. During the mediation, when Defendants increased their offer to $ $43,320.00, inclusive of attorneys' fees and costs, Plaintiff willingly accepted it. Plaintiff recognizes that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever and that Defendants have agreed to this amount to avoid the risks and expenses of protracted litigation. Plaintiff further recognizes that Defendants continue to deny that Plaintiff's claims have any merit. Of the agreed upon settlement amount Plaintiff will receive $28,380.00, which constitutes a significant portion of his claimed unpaid FLSA overtime, which Defendants vehemently contend he was paid during his employment. Additionally, Defendants are paying Plaintiff's attorneys' fees and costs in the amount of $14,940.00.

IV.  THE SETTLEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See*

*gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

    1.  *The Agreement Fairly Accounts for Plaintiff's Possible Recovery*

As noted above, Plaintiff will be receiving $28,380.00. Further, his attorneys' fees and costs are being paid by Defendants in the amount of $14,940.00. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiff's wages and the other claims raised in the Complaint. The Agreement does not contain a confidentiality provision, a non-disparagement clause, or a general release. Further, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Agreement. Accordingly, it is apparent that the Agreement amount fairly accounts for Plaintiff's possible recovery in this matter.

    2.  *The Risk and Expenses Faced by the Parties*

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses. Additionally, and as noted *supra*, Plaintiff faces the possibility of receiving no recovery at all. Especially considering that the Corporate Defendant is no longer in operation. Further, Plaintiff faces the prospect of waiting months, if not years, for the matter to proceed through motion practice and, eventually, trial.

Conversely, while Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiff's claims, they are also mindful that this would have only occurred after a protracted litigation at significant cost. Moreover, the costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution, even at the cost of having to accept

Plaintiff's allegations, which they nevertheless flatly reject. Accordingly, both Parties face substantial risks in proceeding forward with the litigation, which weighs heavily in favor of approval of the Agreement.

3. *The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Indeed, the Parties were able to resolve this controversy, in large part, because of the hard work and experience of their respective attorneys and the assistance of the EDNY Mediation Program. Throughout the process, the Parties' counsel zealously advocated on behalf of their clients, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for all Parties to resolve the dispute under the best possible circumstances for their respective clients. Accordingly, the Agreement should be approved by the Court.

V. PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES SHOULD BE APPROVED

The agreed upon settlement amount is inclusive of attorneys' fees. Plaintiff's counsel is seeking one-third of the settlement amount and reimbursement of the costs incurred during the litigation. *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). *See also Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Gaspar v. Pers. Touch Moving, Inc.*, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y.

5

Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit").

Accordingly, Plaintiff's counsel will receive a total of $14,940.00, which includes $14,440.00 in fees and $500.00 in costs. Plaintiff's counsel incurred costs related to the filing of the Complaint ($400.00) and mediation ($100.00).

For the purposes of this settlement only, Defendants take no position with respect to Plaintiff's application for attorneys' fees and costs. It is respectfully submitted that the attorneys' fees and costs as set forth in the Agreement are fair and reasonable.

VI. <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that the Court approve the Parties' Agreement and dismiss this case.

Dated: Massapequa, New York
September 23, 2021

Respectfully submitted,

_____
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com